# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LINDA LEPPER )<br>8416 James A. Reed Road )<br>Raytown, Missouri 64138 )<br>)<br>            Plaintiff, )<br>)<br>  v. )<br>)<br>MIDWEST DIVISION – RBH, LLC d/b/a )<br>BELTON REGIONAL MEDICAL CENTER )<br>10753 S. 71 Highway )<br>Belton, Missouri 64012 )<br>)<br>    <u>Serve Person in Charge</u>: )<br>    10753 S. 71 Highway )<br>    Belton, Missouri 64012 )<br>)<br>       and )<br>)<br>MIDWEST DIVISION, INC. d/b/a )<br>BELTON REGIONAL MEDICAL CENTER )<br>One Park Plaza )<br>Nashville, Tennessee 37203 )<br>)<br>    <u>Serve Registered Agent</u>: )<br>    Midwest Division, Inc. )<br>    120 S. Central Avenue )<br>    Clayton, Missouri 63105, )<br>)<br>           Defendants. ) | Case No.:<br>_____ |

## **COMPLAINT**

COMES NOW plaintiff, Linda Lepper ("Lepper"), by and through her attorneys, and states the following in support of her claims against defendants, Midwest Division – RBH, LLC d/b/a Belton Regional Medical Center ("Midwest RBH") and Midwest Division, Inc. d/b/a Belton Regional Medical Center ("Midwest") (collective "Defendants").

## NATURE OF LEPPER'S CLAIMS

1. This Complaint states claims against all Defendants for unlawful discrimination under Title VII, 42 U.S.C. §2000e, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, as amended, and the Equal Pay Act 29 U.S.C. § 206(d).

2. Lepper seeks compensatory and punitive damages against all Defendants.

## PARTIES, JURISDICTION AND VENUE

3. Lepper is a 75 year old female.

4. Lepper is a resident of the State of Missouri.

5. Midwest RBH is a limited liability company doing business in, or was doing business in, the State of Missouri during the relevant time period as Belton Regional Medical Center.

6. Midwest is a corporation doing business in, or was doing business in, the State of Missouri during the relevant time period as Belton Regional Medical Center.

7. With respect to the events and omissions alleged herein, Midwest RBH and Midwest, were either joint employers or joint potential employers of Lepper and are, therefore, liable for the discrimination she suffered.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 as all claims alleged herein arise under federal law and contain substantial federal questions. Specifically, they arise under Title VII, 42 U.S.C. §2000e, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, as amended, and the Equal Pay Act 29 U.S.C. § 206(d).

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2-3) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred

within this judicial district, and because the Defendants are subject to personal jurisdiction with respect to the claims alleged herein.

10. Lepper has exhausted all administrative requirements and the claims alleged herein are properly before this Court.

11. Lepper timely filed charges of discrimination against the Defendants had received notices of right to sue from the Equal Employment Opportunity Commission ("EEOC").

12. The EEOC mailed Lepper the notices of right to sue on October 8, 2020. Lepper's Complaint has been filed within ninety (90) days of Lepper's receipt of those notices, as such Lepper's action is timely.

## **FACTS**

13. Lepper has been employed by Defendants and their predecessors since 1981.

14. Lepper last worked as the "Unit Secretary" of the Oncology Department of Belton Regional Medical Center ("BRMC").

15. In January 2018, Lepper was informed that she was going to receive training to work as a Registrar in the Oncology Department of BRMC.

16. Lepper began her training to work in this position in the Fall of 2018.

17. Lepper was never advised by the Defendants that they were considering terminating her position.

18. Lepper did not receive the level of training that she expected to receive.

19. Lepper was not informed of any plans for any change regarding her employment.

20. On or about January 22, 2019, Lepper was asked to attend a meeting with Patrick Avila ("Avila"), the Chief Operating Officer of BRMC and Jessica Sulzen ("Sulzen"), the Vice President of Human Resources of BRMC.

21. During the meeting, Avila advised Lepper that the position Lepper was told she was going to be filled would be filled by another individual.

22. Avila told Lepper that this decision had nothing to do with her job performance.

23. On or about January 22, 2019, Lepper received correspondence from Jessica Sulzen, Vice President of Human Resources of BRMC informing Lepper that her clerical position within the Oncology Department at BRMC was being eliminated and that Lepper's employment with BRMC would terminate effective February 28, 2019.

24. Lepper had all of the qualifications and experience necessary for the position as Registrar in the Oncology Department of BRMC.

25. Defendants chose to fill that position with a younger, less qualified employee.

**COMPLAINT UNDER THE ADEA – Age Discrimination**

26. Lepper hereby incorporates paragraphs 1 through 25 of this Complaint as if fully alleged herein.

27. During the course of Lepper's employment, Defendants' employees and/or representatives, while acting in the scope and course of their employment, engaged in a pattern and practice of intentional discrimination against Lepper based upon her age.

28. This included but was not limited to preferential treatment of similarly situated younger employees as compared to Lepper's treatment.

29. This included but was not limited to the termination of Lepper's employment and the filing of the position of Registrar in the Oncology Department of BRMC with a younger, less qualified individual.

30. Upon information and belief, the Defendants have treated younger employees in a manner different than how Lepper was treated when she did not receive the position of Registrar in the Oncology Department of BRMC and her employment was terminated.

31. Defendants by and through their agents, representatives and employees, engaged in these discriminatory practices maliciously, willfully, recklessly, and/or with a conscious disregard for Lepper's federally protected rights.

32. As a direct and proximate cause of the actions and conduct set forth herein, Lepper suffered and will continue to suffer damages, emotional distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Lepper respectfully requests this Court find Defendants liable for the misconduct alleged in this Complaint, and to enter judgment ordering Defendants to pay compensatory and punitive damages reasonable attorney's fees, reasonable costs expended, and any other remedy the Court determines is appropriate., and any other remedy the Court determines is appropriate.

**JURY TRIAL DEMANDED**.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Missouri, as the place of trial of this action.

Respectfully Submitted,

V<small>AN</small> O<small>SDOL</small>, PC

By:   /s/ Anthony L. Gosserand
      Anthony L. Gosserand     MO # 38844
      1000 Walnut, Suite 1500
      Kansas City, MO 64106
      Telephone:   (816) 421-0644
      Facsimile:    (816) 421-0758
      tgosserand@VanOsdolKC.com

ATTORNEYS FOR PLAINTIFF
LINDA LEPPER